## Commonwealth *v.* Hollinger.

*Husband and wife—Proceedings for desertion and nonsupport—Act of April* 13, 1867, *P. L.* 78.

A husband cannot, by giving to his wife his personal bond to pay to her a certain amount per week " so long as they shall live separate and apart," without there being any agreement of separation between them, relieve himself from prosecution under the act of April 13, 1867, for desertion and nonsupport

Submitted Dec. 13, 1900. Appeal, No. 208, Oct. T., 1900, by defendant, from judgment of Q. S. Lancaster Co., Aug. T., 1900, No. 87, sentencing a prisoner in the case of Commonwealth v. Charles Hollinger. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Indictment for desertion and nonsupport.

The record showed an agreement by counsel that facts set forth in the agreement should be admitted, and should have the same force and effect and be taken as notes of testimony.

Attached to this paper were a copy of a bond and a copy of an agreement which were as follows:

"Know all men by these presents, That I, Charles B. Hollinger, of Columbia, Pa., are held and firmly bound unto Henry L. Kline for the use of Harriet M. Hollinger, wife of said Charles B. Hollinger, in the sum of three hundred dollars ($300).

"The condition of this obligation is such, that if the said Charles B. Hollinger, shall and does, on Monday of each and

every week after the date hereof, well and truly pay to the said Harriet M. Hollinger, his wife, the sum of two dollars ($2) for her support, so long as they shall live separate and apart, then this obligation to be void otherwise to be and remain in full force and virtue.

"Witness our hands and seals this 25th day of November, A. D. 1899.

"CHAS. B. HOLLINGER. [Seal.]

"Witness present:

  "A. B. HASSLER,
  "THOMAS J. DAVIS.

"Whereas, Harriet M. Hollinger is the mother, and I am the father, being the husband of said Harriet M. Hollinger, of a boy, born January 4, 1897, and named Henry Kline Hollinger,

"And Whereas, I have not supported said child, and the said Harriet M. Hollinger, and her father Henry L. Kline have and do agree to support and keep said child in the future without expense to me, I do hereby agree to and with said Harriet M. Hollinger, and Henry L. Kline for her benefit, that I will not claim or demand said child, nor will I in any manner whatsoever interfere with her, the said Harriet M. Hollinger, in rearing and educating and controlling said child, but I do transfer and assign to said Harriet M. Hollinger all my right and interest of, in and to said child.

"Witness my hand and seal this 25th day of November, 1899.

"CHAS. B. HOLLINGER." [L. S.]

Defendant claimed that these papers relieved him from liability to prosecution under the act.

The court sentenced the prisoner to pay $2.00 per week, for the support of his wife.

*Error assigned* was the sentence of the court.

*Thomas J. Davis,* for appellant.—Our contention in this case is that after the prosecutrix and defendant had separated, and complaint for desertion and support of herself and child had been made by her, and agreement with the prosecutrix entered into by her father and defendant as to the child, and by the

prosecutrix with the defendant as to her support, and a bond given by defendant to prosecutrix for said support, it was taken out of the jurisdiction of the court of quarter sessions and became a civil remedy, and the performance of said agreement could only be enforced by a civil remedy. It seems to me that under this agreement they both, prosecutrix and defendant, and each of them, were equally guilty of desertion, if such it could be called: Endlich & Richards on the Rights and Liabilities of Married Women, in Pennsylvania, p. 265, sec. 219.

*W. T. Brown,* district attorney, and *A. B. Hassler,* for appellee.—In order to make a deed of separation a bar to the proceedings under the act of 1867, it must be shown that the contract was made, and actually carried into effect, and that it was not avoided by the subsequent acts of the parties: Com. v. Richards, 131 Pa. 209.

PER CURIAM, January 22, 1901:

We are not to be understood as deciding that this case is properly before us for review upon the facts developed on the hearing in the court below. Even if it were, we would be compelled to say that the bond and agreement of November 25, 1899, were not a bar to the proceeding commenced by the wife under the Act of April 13, 1867, P. L. 78, to compel him to contribute to her support and maintenance. The agreement relates simply to the custody of their child. By the bond he simply engaged to contribute a certain weekly sum for the wife's support so long as they should live separate and apart. But there was no agreement for actual and immediate separation, accompanied by, or embracing as part of its terms, a reasonable provision for the wife's support. Indeed, there was no agreement for separation upon any terms. Surely a husband cannot obtain immunity from prosecution under this act by inducing his wife to accept his naked promise to pay a weekly sum for her support, which he does not keep. The contention, that, by a sort of novation, his obligation under the bond was substituted for his marital obligation, whereby the latter was extinguished, cannot be sustained. The case is plainly distinguishable from Commonwealth v. Richards, 131 Pa. 209, in every essential particular.

The order is affirmed, and the record is remitted to the court below to the end that it be fully carried into effect.