## Commonwealth *v.* Dean, Appellant.

*Husband and wife—Order for support—Desertion—Evidence—Records—Appeals.*

On an appeal from an order on a husband for the support of his wife, the evidence is no part of the record.

*Husband and wife—Order for support—Information.*

An information by a wife setting forth that her husband had abused her in such a manner that she was compelled to leave him, and had since failed and refused to contribute anything to her support, is sufficient to sustain an order for support, although the information omits to set forth a desertion by the husband.

Argued Dec. 1, 1902. Appeal, No. 28, April T., 1903, by defendant, from order of Q. S. Allegheny Co., June T., 1902, No. 332, directing husband to support his wife, in case of Commonwealth v. Davis A. Dean. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Order for support.

Information and order for support were as follows:

Personally appeared before me, John Groetzinger, an alderman in and for the city of Pittsburg, M. L. Dean, who being duly sworn doth depose and say that on April 16, 1901, in Leet township, Allegheny county, Pennsylvania, a certain D. A. Dean, lawful husband of this affiant, did then and there abuse the affiant in such a manner that she was compelled to leave him, and he has since October 18, 1901, failed, neglected and refused to contribute anything to her support.

Complainant therefore prays and desires that a warrant may issue, and the aforesaid defendant, D. A. Dean, may be arrested and held to answer this charge of desertion and nonsupport, and further deponent saith not.

And now, June 21, 1902, defendant heard, ordered to pay the costs, pay his wife the sum of $100 per month, and to enter into bond in the sum of $1,500 with surety to comply.

*Error assigned* was the order of the court.

*John Marron*, of *Marron & McGirr*, for appellant.

*M. R. Marshall*, with him *Scandrett & Barnett*, for appellee.

OPINION BY SMITH, J., December 13, 1902:

On an appeal from the final order of the quarter sessions, in a case under the act on which the present proceeding is based, this court has no jurisdiction to review the merits of the case or the discretion of the court below. The only matter we can consider is the regularity of the proceedings, as shown by the record. This has been decided so often that it should no longer be necessary to repeat it.

In the present case, the defendant was arrested and bound over on an information by his wife, setting forth that he had abused her in such a manner that she was compelled to leave him, and had since failed and refused to contribute anything to her support. The appellant objects that this omits to set forth a desertion by the husband, in accordance with the statute. But, as to the purpose of the statute, treatment by the husband which justifies the wife in leaving him is equivalent to desertion on his part, and gives her the same right of support that she would have if he deserted her. Whether the wife was justified in leaving him was a question which the court below, upon the evidence, decided against him. The evidence is no part of the record, and we cannot review this decision. It must be assumed, on appeal, that all questions of fact were rightly determined by the court below. In view of the finding on the question of the wife's justification in leaving her husband, the order made was regular and proper. As to the quantum of the allowance, we have no power to review the conclusion of the court below, since it was based on evidence that is not before us.

No error or irregularity appears in the record, and the order is affirmed.