## Philadelphia *v.* Dezsi, Appellant.

*Husband and wife—Desertion and nonsupport—Practice, Q. S.*

1. In a proceeding instituted before a magistrate under the Act of April 13, 1867, P. L. 78, against a husband for nonsupport and returned into the quarter sessions, it is immaterial that in the final order by a mistake of the clerk the words "City of Philadelphia," were substituted for the "Commonwealth of Pennsylvania" in the caption; or that the case was prosecuted in the quarter sessions by the city solicitor, and not by the district attorney.

2. On an appeal from an order of the quarter sessions against a husband for support, where the transcript returned by the magistrate sets forth sufficient facts to give the court jurisdiction, and there has been a full hearing on the merits, the appellate court will not look further than to determine whether the proceedings were regular.

3. Under the Act of April 27, 1909, P. L. 260, amending the Act of April 13, 1867, P. L. 78, a magistrate may return a proceeding for nonsupport immediately to the court of quarter sessions, without waiting for the next term of such court.

Argued Dec. 17, 1913. Appeal, No. 157, Oct. T., 1913, by defendant, from order of Q. S. Phila. Co., June Sessions, 1913, No. 900, for support in case of Philadelphia v. Louis Dezsi. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Return of proceedings for nonsupport.

The record showed the following return of proceedings before Magistrate JOHN McCLEARY:

## Magistrate of Court No. 9 in Philadelphia.

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, <br><br> vs. <br><br> DR. LOUIS DEZSI, 410 W. Girard Ave. | Warrant issued on the 6th day of June, 1913, on oath of Mary Dezsi subscribed by said affiant Defendant charged with desertion and non-support. <br> Now 6–9–13 Deft. brought. Plff. sworn and examined. |

"After hearing defendant held in own recognizance, required to give bail in the sum of $600 for his appearance at the next term of the Court of Oyer and Terminer and General Jail Delivery and Quarter Sessions of the Peace for the County of Philadelphia.

"Defendant bound jointly and severally in the sum of $          for appearance of the defendant at the term of Court of Oyer and Terminer and General Jail Delivery of the Peace for the County of Philadelphia and to abide the order of the said Court.

"Defendant's name, Dr. Louis Dezsi; place of abode, 410 W. Girard ave.; place of business ———; witness' name, Mary Dezsi; place of abode, 952 N. Randolph st.; place of business ———; name of bail, Dr. Louis Dezsi; place of abode, 410 W. Girard ave.; place of business ———; own recognizance.

"The said          (bail) not being a housekeeper and residing with          by occupation          his place of abode being          I hereby certify that the above is a correct return and transcript from the docket of my said Court.

"Witness my said Magistrate and affixed seal of said Court the 28th day of June, A. D. 19   .

"JOHN McCLEARY,

"[SEAL]      Magistrate Court No. 9."

The order appealed from was as follows:

| CITY OF PHILADELPHIA, | Court of Quarter Sessions. No. of Case 900. June T. 1913. |
|---|---|
| vs. | |
| LOUIS DEZSI. | Desertion. |

"Before the Honorable Judge D. WEBSTER DOUGH-ERTY.

"And now, July 1, 1913, the court having heard the parties therein, proof and allegation, order and decree that the said defendant, Louis Dezsi, 410 W. Girard Ave., pay the sum of seven 00–100 dollars per week for the support of his wife, Mary Dezsi, 952 N. Randolph St., from July 1, 1913, and give security in the sum of $500 00–100 for the faithful performance of this order, pay the costs and stand committed until the order is complied with.

"Attest:

"WM. J. CRULEY, Clerk."

*Error assigned* was the order for support.

*J. Weinstine,* with him *M. B. Elwert,* for appellant.— This case cannot be distinguished from the recent case decided by this court: Com. v. Friedlander, 53 Pa. Superior Ct. 221.

The return was premature: Com. v. Ruddy, 29 Pa. C. C. Rep. 450; Com. v. Haggerty, 3 Brewster, 285.

From the record it is clear that the judgment in this case is given in favor of the city of Philadelphia. This is a departure from the requirement of the third section of the act. Since the Act of April 13, 1867, P. L. 78, provides that desertion proceedings shall be brought in the name of the commonwealth and since the Act of May 3, 1850, P. L. 654, provides that all prosecutions in the name of the commonwealth shall be prosecuted by the district attorney, it is manifest that he is the proper officer to

prosecute such a proceeding: Com. v. Peterson, 4 W. N. C. 87; Com. v. Havrilla, 38 Pa. Superior Ct. 292; Com. v. McHale, 97 Pa. 397.

*James B. McGrane*, assistant city solicitor, with him *Michael J. Ryan*, city solicitor, for appellee.

OPINION BY ORLADY, J., March 12, 1914:

The order from which this appeal is taken is as follows: "And now July 1, 1913, the court having heard the parties in the within case, their proofs and allegations, order and decree that the said defendant, Dr. Louis Dezsi pay to his wife, Mary Dezsi the sum of seven dollars per week for the support of herself from the first day of July, 1913, etc."

The reversal of the order is urged for the reasons, that the information and transcript do not set forth the relation, if any, Mary Dezsi is to the appellant; that the order appealed from was made July 1, 1913, within the same term of court in which the proceedings were instituted before the magistrate; that the order was made in favor of the City of Philadelphia, not a legal party to the proceeding, and that the cause was prosecuted by the city solicitor and not by the district attorney. The appellant relies on Commonwealth v. Friedlander, 53 Pa. Superior Ct. 221, in which we held that the information and complaint should indicate whether the defendant is charged with a failure to maintain his wife or children, or both. No such question arises here, as these parties appeared in open court, and after a hearing it was ordered that the payment should be made to the wife for her support. The material facts on that hearing were—was this complainant the wife of the defendant, and had he failed to support her; and they were judicially considered and disposed of by the proper court. We said in Commonwealth v. Dean, 21 Pa. Superior Ct. 641, "It must be assumed on appeal that all questions of fact were rightly determined by the

court below." In the transcript returned by the magistrate, there were sufficient facts set out to give the court jurisdiction, and after a full hearing on the merits we will not look further than to determine whether the proceedings were regular: Commonwealth v. Hart, 12 Pa. Superior Ct. 605; Commonwealth v. Smith, 200 Pa. 363.

The second contention of appellant is fully answered by the Act of April 27, 1909, P. L. 260, amending the act of 1867, as it provides, that where a magistrate, hearing any surety of the peace or desertion case shall determine to return the same to the court of quarter sessions, such return, instead of being made to the next term of court, shall be filed immediately with the clerk, and the judge or judges of the sessions may, "whenever the said court is in session, and it is convenient, dispose of the said complaint." The clerical error of the person in charge of the docket in entitling the case—the City of Philadelphia, plaintiff, is not material. The order from which the appeal is taken, is made in a proceeding instituted in the name of the Commonwealth of Pennsylvania v. Louis Dezsi, No. 900, June Term, 1913, and, the act of 1867, sec. 2, provides it shall be lawful for said court, after hearing, to order the person against whom the complaint has been made, being of sufficient ability, "to pay such sum as the court shall think reasonable and proper, for the comfortable support of said wife, etc." We are not concerned with the official character of the official who conducted the proceeding in the court below. The record shows a charge by the wife for desertion, a hearing, a conviction, and sentence in a regular proceeding—beyond this the appellate court does not go: Commonwealth v. James, 142 Pa. 32; Commonwealth v. Smith, 200 Pa. 363.

The judgment is affirmed.