# Starr *v.* Starr, Appellant.

*Divorce—Jurisdiction—Residence of libellant—Practice—Cross libel—Refusal of court to order subpœna.*

Pennsylvania law and practice does not recognize a cross-libel in divorce. To designate a person, who seeks to obtain a divorce, a "cross-libellant" does not give him or her any greater rights than to designate the applicant a mere "libellant."

Actual residence for one year within this state is an absolute prerequisite for a divorce, and the courts have no jurisdiction of a libel in divorce unless the libellant shall have resided in the State at least one whole year previous to filing the libel.

The court below rightly refused to direct a subpœna to be issued upon a libel in divorce, which was designated a cross-libel, where it appeared that the libellant was a resident of Canada, and not of Pennsylvania.

*Husband and wife—Residence—Domicile—Separate residence of wife.*

Under normal circumstances, the husband's domicile determines that of his wife, because her home in fact follows his. It is well settled, however, that a wife has the actual and legal right to establish a separate domicile when illtreated by her husband.

"Domicile" is a matter of intention. "Residence" is a physical fact. "Bona fide residence" means residence with domiciliary intent.

A wife, who was married in Canada and separated from her husband there, and who still resides there, has not acquired a residence in Pennsylvania by reason of his having moved to that state since the separation.

Argued December 12, 1921. Appeal, No. 261, Oct. T., 1921, by respondent, from order of C. P. No. 1, Phila. Co., Dec. T., 1920, No. 340, refusing to order that a subpœna be issued on an alleged cross-libel, in the case of Frederick H. Starr v. Ellen E. Starr. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Motion for a subpœna on what was designated a "cross-libel" in divorce.

580　　　　STARR v. STARR, Appellant.

Statement of Facts—Opinion of the Court. [78 Pa. Superior Ct.

The opinion of the Superior Court states the case.

The court refused to order that a subpœna be issued, and the respondent, who had made the motion, appealed.

*Error assigned* was refusal to order that a subpœna issue.

*Allen S. Olmstead, 2d,* and with him *Saul, Ewing, Remick & Saul,* for appellant.—A divorce action is substantially a suit in equity. Therefore, consent by way of cross-bill must be proper practice: Sterl v. Sterl, 2 Ill. App. 223; Getz v. Getz, 14 District Reports 69; Toone v. Toone, 10 Phila. 174.

The requirement that libellant must be a resident has no application to a cross-libellant: Jennes v. Jennes, 24 Ind. 355; English v. English, 19 Pa. Superior Ct. 586.

No appearance, and no printed brief, for appellee.

PER CURIAM, March 3, 1922:

The original libel filed in this case avers that the parties were married at Calgary, Alberta, Canada, in 1908, at which time they were both citizens of and resided in Canada; that the wife deserted her husband in Toronto, Ontario, Canada, on October 1, 1914; that the libellant has been a resident of Pennsylvania for three years before the filing of the libel and now resides in Philadelphia, and that the respondent is a resident of Toronto, Ontario, Canada. While service was obtained by publication, the respondent appeared and answered by denying the desertion. The original libel was filed November 3, 1921. The respondent thereafter on May 25, 1921, filed what is called a cross-libel, making the same averments as to the date, place of marriage and residence of the parties as in the original libel, but avers that the cross-respondent deserted her in Toronto, Canada, September, 1915.

The court below refused to order that a subpœna be issued on the alleged cross-libel, and refused a motion for the crossbill on the ground that the cross-libellant was not a resident of Pennsylvania, and that the court had no jurisdiction. The reasons for the conclusion reached, were stated in a similar case in the same court, and were adopted as controlling this one—they are given at length in this opinion. The appeal in this case is from that order.

This is an attempt to introduce into our already complicated divorce practice in Pennsylvania, an entirely new and unwarranted procedure. Neither by statutory allowance or procedure have we such a thing known as a cross-libel in divorce. In this case, it is not suggested that Ellen E. Starr was a resident of Pennsylvania, and in refusing the cross-libel the court held as above indicated, viz: "The Act of March 13, 1815, 6 Sm. Laws 286, makes provision for the granting of a divorce—'No person shall be entitled to a divorce from the bonds of matrimony by virtue of this act, who is not a citizen of this State, and who shall not have resided therein at least one whole year previously to the filing of her or his petition of libel.' Actual residence for one year within this State, is an absolute prerequisite. No matter how expressed in the petition, even with the consent of the court added, nothing can give the court jurisdiction of a libel in divorce, unless the libellant shall have resided in the State at least one whole year previous to the filing of his or her petition for divorce: English v. English, 19 Pa. Superior Ct. 586.

"The maxim that the domicile of the husband is the domicile of the wife was founded upon the theoretic identity of person and of interest between husband and wife as established by law. It presupposes, from the very nature of the relationship, that the home of the one is the home of the other; that union and harmony shall prevail; that the interests and welfare of both husband and wife shall be promoted and strengthened; and that

the parties intend to live together. The law accordingly imposes upon them the mutual duty of cohabitation. In other words, the whole theory of the marital relation involves the idea of a single home, established by the husband and cared for by the wife, where the two shall dwell together. While this duty cannot be enforced physically, yet it is given legal recognition. The husband, as traditional head of the family, and the only one primarily liable for its support, ordinarily selects the home. Under normal circumstances, therefore, the husband's domicile determines that of the wife, because her home in fact follows his.

"In considering the legal relation of husband and wife it is well to remember, however, that, in recent times, the law has undergone many changes. The trite saying that 'a husband and wife are one, and the husband is that one,' has, to-day, very little foundation in law and certainly less foundation in fact. By an almost generality of statutes throughout the states of the Union, the wife may contract, receive and convey property, sue and be sued, just as though unmarried; she may, also, keep her earnings and sue for them in her own name. In some states she may even contract with her husband and prosecute actions against him.

"Aside from this, it is well settled that a wife has not only the actual, but also the legal, right to establish a separate domicile when illtreated by her husband. The man is lord of the domus only so long as he rules lawfully. When the husband forfeits his right to preside over the home by reason of misconduct, then the wife acquires a legal right to have, and to maintain, a separate domicile. In other words, the husband's headship over the matrimonial domicile ceases when he violates the marriage laws, and the wife is no longer required to live with or accompany him—even in theory. Under such circumstances, the law of the domicile acquired by the wronged wife will determine her marital status. Of course, to acquire a separate domicile, the wife must in-

tend to abandon her husband's home and set up an independent home of her own."

The words "bona fide," as used in the Act of 1854, mean an intention to make the residence permanent and not merely temporary. Had the word "domicile" been used instead of residence it might have been consistent with nonresidence, but it was not. "Domicile" is a matter of intention; "residence" is a physical fact, and the term "bona fide residence" means residence with domiciliary intent, i. e., a home in which the party actually lives. In the opinion of this court the cross-libellant never actually or constructively acquired, maintained or had a "bona fide residence" in Pennsylvania.

Unfortunately for the welfare of society, there is a lamentable want of uniformity in the law of divorce throughout the several states of the Union, and, therefore, the general proposition must be considered in connection with the statutory language used by the respective states.

The statutes of Pennsylvania, as interpreted by our courts, clearly provide that no person shall be entitled to a divorce who shall not have been a bona fide resident within this Commonwealth at least one whole year previous to the filing of his or her libel. The divorce laws of Pennsylvania were not made for the benefit of nonresidents, but for bona fide Pennsylvanians, and our courts should not construe the law in favor of nonresidents unless the statute clearly intends to include them.

At the time of the establishment of the United States as an independent nation, when the British common law was adopted by the several states, matrimonial causes in England were within the exclusive jurisdiction of the ecclesiastical courts. These courts derived their jurisdictional authority from the church, and in the determination of matrimonial causes the canonical law was applied almost entirely. Ecclesiastical courts were not established in any of the United States as a part of its judicial system. Consequently, up to the time of the

creation of courts with a jurisdiction in divorce actions, ecclesiastical law relating to divorce remained unadministered for want of a tribunal. We must, therefore, look to the statutes and not to the common law for power to grant divorces: Getz v. Getz, 14 Dist. R. 69, and 30 Pa. C. C. Reps. 252. In Pennsylvania, the divorce statutes are silent as to cross-libels."

No matter how we may argue or reason, we are confronted, at all times, with the proposition that, in Pennsylvania, an applicant for divorce must have maintained "a bona fide residence" within the Commonwealth for one year prior to filing the libel. This the cross-libellant has not done. To designate a person a cross-libellant does not, in our opinion, give him or her any greater rights than to designate the applicant a mere libellant.

This procedure not being authorized by our statutes, must be taken as prohibited, and no attempt to do indirectly what is not authorized by statute can be permitted.

The court rightly refused to direct that a subpœna be issued on the appellant's libel, and as it is the only question involved, the order of the court below is affirmed.