# Commonwealth ex rel. Shetzline *v.* Shetzline, Appellant.

*Criminal law—Desertion—Residence of defendant.*

In proceedings under the provisions of the Act of April 13, 1867, P. L. 78, for an order of support, the only requirement in connection with the delinquent husband is that he be within the Commonwealth. If he can be reached by a warrant, it is sufficient to give the court jurisdiction and compel him to support his wife and children, without regard to his residence and without reference to where the original desertion and neglect to maintain his family took place.

Since the creation of the Municipal Court of Philadelphia, that tribunal has exclusive jurisdiction of proceedings to compel support in the County of Philadelphia.

Argued October 13, 1924.   Appeal, No. 206, Oct. T., 1924, by defendant, from judgment of the Municipal Court of Phila. Co., June T., 1924, No. 1473, making an order of support in the case of Commonwealth of Pennsylvania ex rel. Grace Shetzline v. Samuel R. Shetzline. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Petition for order of support.   Before MacNEILLE, P. J.

The facts are stated in the opinion of the Superior Court.

The court made an order that the defendant should pay to the petitioner the sum of forty-five dollars per week for the support of herself and two children, and enter his own recognizance in the sum of five hundred dollars.   Defendant appealed.

*Error assigned* was the order of the court.

*Clarence J. Buckman,* of *Buckman and Buckman,* for appellant.

*Francis Shunk Brown, Jr.,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY KELLER, J., November 17, 1924:

Appellant is engaged in the produce commission business in the City of Philadelphia, but claims that his residence and domicile are in the State of New Jersey. He was within the limits of this Commonwealth when process issued under the Act of April 13, 1867, P. L. 78, for the support of his wife and children, and was executed

by his arrest pursuant thereto.  His wife, for just cause, has left his home, taking with her their children, and has established her domicile, (Starr v. Starr, 78 Pa. Superior Ct. 579), in the City of Philadelphia, their former residence.  Appellant questions the power of the Municipal Court of Philadelphia County to make an order of support in the circumstances here present.  We have no doubt on the subject.

The Act of 1867 says nothing about the residence or domicile of the delinquent husband; its only requirement is that he be within the Commonwealth.  This means just what it says—his physical presence within the State.  If he can be reached by a warrant, it is sufficient to give our courts jurisdiction and compel him to support his wife and children, without regard to his residence or settlement and without reference to where the original desertion or neglect to maintain his family took place: Com. v. Tragle, 4 Pa. Superior Ct. 159; Com. v. Hawkins, 80 Pa. Superior Ct. 520; Com. v. Plummer, 83 Pa. Superior Ct. 26; Com. ex rel. Demott v. Demott, 64 Pa. 305.  Since the creation of the Municipal Court, that tribunal has exclusive jurisdiction of such proceedings in the County of Philadelphia: Scott v. Scott, 80 Pa. Superior Ct. 141.

The assignments of error are overruled and the order is affirmed at the costs of the appellant.