## Commonwealth of Pennsylvania *v.* Thomas F. Brook, Jr., Appellant.

*Husband and wife—Support—Jurisdiction—Proceedings in two counties—First proceeding continued—Order in second proceeding vacated—Effect on first proceeding—Act of April 13, 1867, P. L. 78.*

Where a proceeding by a wife for support under the Act of April 13, 1867, P. L. 78, was continued on the prospect of amicable adjustment, the jurisdiction of the court is not ousted by a later proceeding in another county wherein an order for support was granted and subsequently revoked.

The vacation of the order of court in the second complaint was not a bar to a later order by the court of original jurisdiction.

Any court having jurisdiction of the subject matter may make an order in proceedings in desertion cases if the defendant be within the Commonwealth. The order made in the second action did not oust the jurisdiction acquired in the first and the vacation of the second order was the end of that proceeding.

Argued March 12, 1928. Appeal No. 377, October T., 1927, by defendant from order of Q. S., Delaware County, March T., 1927, No. 35, in the case of Commonwealth of Pennsylvania v. Thomas F. Brook, Jr. Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP, and CUNNINGHAM, JJ. Affirmed.

Proceedings for support. Before FRONEFIELD, P. J., BROOMALL and PERRIN, JJ.

The facts are stated in the opinion of the Superior Court.

The court ordered respondent to pay the sum of $35 per week. Respondent appealed.

*Error assigned* was the order of the court.

*Lemuel B. Schofield,* and with him *Herman H. Krekstein,* of *Cohen, Schweidel and Krekstein,* and *Robert B. Greer,* for appellant.

*William J. MacCarter, Jr.,* District Attorney, and with him *Clement J. McGovern,* Assistant District Attorney.

OPINION BY TREXLER, J., April 16, 1928:

On January 4, 1927, the wife of the defendant lodged an information with a justice of the peace in Delaware County and the defendant was brought into court charged with non-support and desertion under the Act of April 13, 1867, P. L. 78. On February 9, 1927, there was some prospect of amicable adjustment and the case was continued. The wife then resorted to the Municipal Court of Philadelphia where after hearing the case, an order was made, July 29, 1927, requiring the defendant to pay $30 a week for the support of his wife and children. This order was revoked on September 20, 1927 upon the petition of the wife and all arrears were remitted. On September 23, 1927, under the original proceedings, the case was heard by the Delaware County Court and an order made upon the defendant to pay for the support of his wife and children $35 a week, said order being the subject of this appeal.

The defendant questions the jurisdiction of the Delaware County Court for the reason that an order had previously been made by the Municipal Court of Philadelphia. It is well established that without reference to where the desertion took place, any court having jurisdiction of the subject matter, may make an order in proceedings in desertion cases if the defendant be found in the Commonwealth. It will be noticed that proceedings started in the Delaware County Court were not disposed of at the time the other proceedings were instituted in Philadelphia. The order made in Philadelphia did not oust the jurisdiction of the Delaware County Court. No doubt the Municipal Court acted in good faith and without knowledge of the pending proceedings, but when the Delaware County Court acquired jurisdiction of the subject matter of the case, no other court could by its order limit the power of the Delaware County Court to dispose of the case. See Nevin v. Catanach, 264 Pa. 523, and authorities

there referred to.   See also Doyles' Estate, 291 Pa. 263, 267.

The vacation of the order of the Municipal Court was a legal ending of that proceeding and even if we concede arguendo that the court had jurisdiction of the subject matter, its contact with the case ceased when the discontinuance was allowed and the defendant was under no definite legal compulsion to pay for the support of his wife and children. The vacating of the order by the Municipal Court was not a bar to subsequent action by the court of another county. Com. v. Carson, 82 Pa. Superior Ct. 291. When the order in Philadelphia was vacated and the arrears remitted, there was no reason why the defendant's wife should wait any definite length of time before proceeding in the case still pending in Delaware County. See Com. v. Hart, 12 Superior Ct. 605.

The appellant contends that even if this be true there must be some change in circumstances shown and some definite statement of new facts upon the hearing before the court can make the order. This might be argued with some force if it were not for the fact as already stated that the jurisdiction of the Court of Delaware County was never ousted.

The vacation of the order in Philadelphia left the woman without any support. The payments made to the wife under the order of the Municipal Court of Philadelphia were not voluntary, even although the power of the court to make such order could be questioned. When the case came up for final hearing in Delaware County, the fact that such payments had been made was not proof that the deserting husband had not been in default by failing to support his wife. The payments not having been voluntary, the wife had a right to secure the future payments through an order of court. The whole case was before the Delaware

County Court and the part of the testimony printed justified the order made, such order not being reversible, except for abuse of discretion.

The assignments of error are overruled and the order is affirmed.