## Commonwealth v. Haley.

*Samuel H. High*, for plaintiff; *Robert Potts*, for defendant.

KNIGHT, J., Nov. 2, 1928.—The prosecutrix, who resides in Montgomery County, charges the defendant, her husband, who resides in Philadelphia County, with desertion and non-support.

At the hearing before this court, the defendant offered in evidence a certified copy of a record of the Municipal Court of Philadelphia, showing that the prosecutrix had the defendant before that court in April of this year on the same charge, and that, after a full hearing, the case had been dismissed.

The defendant now sets up the dismissal of the former prosecution as a bar to the present.

The Act of April 13, 1867, P. L. 78, provides as follows: "That, in addition to the remedies now provided by law, if any husband, or father, being within the limits of this Commonwealth, has, or hereafter shall, separate himself from his wife, or from his children, or from wife and children, without reasonable cause, or shall neglect to maintain his wife or children, it shall be lawful for any alderman, justice of the peace or magistrate of this Commonwealth, upon information made before him under oath, or affirmation, by his wife or children, or either of them, or by any other person or persons, to issue his warrant to the sheriff, or to any constable, for the arrest of the person against whom the information shall be made, as aforesaid, and bind him over, with one sufficient surety, to appear at the next Court of Quarter Sessions, there to answer the said charge of desertion."

In Com. *v.* Tragle, 4 Pa. Superior Ct. 159, the court, in construing this act, said: "Under its provisions, the Court of Quarter Sessions of any county where the complaint is made has jurisdiction of the proceedings, without regard to the residence or settlement of the defendant and without reference to where the original desertion took place." See, also, Com. *v.* Brook, Jr., 93 Pa. Superior Ct. 282.

By the Act of July 12, 1913, P. L. 711, the Municipal Court of Philadelphia is given exclusive jurisdiction in that county in cases of desertion and non-support.

The Municipal Court, therefore, had jurisdiction over the defendant and the subject-matter, and as there is nothing in the record to show that the case was dismissed by reason of any defect in the proceedings, or for want of jurisdiction, presumably and impliedly it was dismissed upon the merits.

What effect, then, has this former dismissal by a court of competent jurisdiction upon the present prosecution?

Proceedings under the Act of 1867, *supra*, are of a quasi-criminal and highly penal character (Demott *v.* Com., 64 Pa. 302), and it is one of the fundamental principles of our law that a defendant once fairly found not guilty before a court having jurisdiction to hear and determine the question of guilt of the accused may plead such acquittal in bar of any subsequent accusation for the same offense: 4 Blackstone's Comm., 335.

The situation of the parties has not altered since the case was heard in Philadelphia in April of this year; there has been no change in condition, and the Municipal Court denied the prosecutrix an order for support upon the same facts that she now urges upon this court as a basis for a finding in her favor.

Under these circumstances, we are of the opinion that the adjudication of the Municipal Court of Philadelphia must be treated as conclusive against the present prosecution.

No case has been called to our attention which holds contrary to the above view; on the other hand, our opinion is supported by the following lower court cases: Com. v. Bowman, 6 Kulp 176 (1890), Rice, P. J.; Com. v. Cawley, 4 Dist. R. 69 (1894), Rice, P. J.; Com. v. Markley, 5 Dist. R. 134 (1893), Craig, P. J.; Com. v. Schench, 8 Kulp, 487 (1896), Bennett, J.; Com. v. Stuhlman, 11 Dist. R. 181 (1902), Beitler, J.; Com. v. Larkin, 15 Dist. R. 728 (1906), Stout, P. J.; Com. v. Kissinger, 22 York Leg. Record, 67 (1908), Wanner, J.

Since the hearing in this matter, the case of Com. v. Brook, 93 Pa. Superior Ct. 282, has been reported. In this case the defendant was arrested in Delaware County and the proceedings continued pending a settlement. With the record in this shape, the wife, prosecutrix, went into the Municipal Court of Philadelphia County and obtained an order on the defendant. This order was subsequently vacated and an order obtained under the original proceedings in Delaware County. It was urged that the proceedings in Philadelphia barred the prosecution in Delaware County. The court held to the contrary on the grounds that the jurisdiction of Delaware County had never been ousted and that the *vacation* of the order in Philadelphia did not constitute a bar to an order obtained on the *prior* proceedings in Delaware County. This case can be readily distinguished from the case at bar.

True, desertion is a continuing offense (Com. v. Hart, 12 Pa. Superior Ct. 605; Com. v. Smith, 6 D. & C. 378), and it is urged by counsel that the failure of the defendant to cohabit with and maintain his wife since the adjudication of the Municipal Court constitutes a new offense.

We cannot agree with this view. The adjudication of the Philadelphia court establishes the fact that there was no desertion or that it was justified. There cannot be continuation of something that did not exist, and nothing has occurred since the case was dismissed in Philadelphia to change the situation.

The prosecutrix sought relief in the Municipal Court of Philadelphia; if she was dissatisfied with the decision of the forum of her choice, she could have appealed to the Superior Court; she cannot shop around among the counties of the State until she finds a court which will decide in her favor. Although we are of the opinion that the adjudication of the Municipal Court is a conclusive bar to the present prosecution, it may not be inappropriate to say a few words on the merits of the case.

The prosecutrix and the defendant have been separated for eight years, but it was not until April of this year that Mrs. Haley tried to get any support from her husband, although she knew where he resided and worked all through the separation.

The lapse of time will not defeat the right of the wife to support from the husband, but it is persuasive corroboration of the defendant's positive statements made on the stand in the Municipal Court, and before us, that he is and always has been ready and willing to support his wife if she will come and live with him. He also testified without any denial by her that during

the first year or so of the separation he requested his wife repeatedly to come back to him.

The reason given by the prosecutrix for her present refusal to live with the defendant is "because he ran around with another woman." Be that as it may, were we deciding the case on its merits, we would be inclined to hold that the prosecutrix should give the defendant an opportunity to demonstrate the sincerity of his offer to rehabilitate the home.

And now, Nov. 2, 1928, the motion to dismiss the proceeding is allowed and the prosecution is dismissed.

From Aaron S. Swartz, Jr., Norristown, Pa.