Commonwealth ex rel. Killmaier *v.* Hermann, Appellant.

136

Argued April 15, 1930.

Before Trexler, P. J., Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Henry C. Baur*, for appellant.

*Charles F. Haughney*, for appellee.

Opinion by Trexler, P. J., July 10, 1930:

This was an action brought for support under the act of 1925, P. L. 787, Section 1012, which provides that (among others) the husband and wife of every poor person, shall, at their own charge, being of sufficient ability, relieve and maintain such poor person at such rate as the court of quarter sessions, of the county where such poor person resides, shall order and direct. In the present case, the effort is to get the wife to contribute toward the support of the husband.

At the time the case was heard, he was seventy-five

years old, poor and without means of support and had to depend upon a granddaughter who was not of sufficient ability to continue his maintenance. The respondent, the wife is the owner of real estate near the city of Erie, valued at $7000, clear of encumbrances. She is about the same age as her husband and is in poor health, living with a daughter who pays the taxes and insurance on the property and who takes care of her.

The property was originally deeded to the wife by the ancestor of the husband in order to put it out of the reach of his creditors. She has made some expenditures upon the property from money which she had obtained from her relatives. In the latter years, they have not lived happily together, his habits were such that she could not live with him; in fact, the lower court finds that he had driven her out of the house.

The needs of the husband being apparent, the question before us is whether she is of sufficient ability to maintain him. Shall the property be sold or mortgaged in order to provide for these old people, or should the existing status be continued and there being no available income under present conditions, should his petition be denied

We think the lower court decided properly; that the property that she has and which she obtained through him should be used for their support and maintenance and comfort; the fact that she has that much property shows that she is of sufficient ability to render help to him; their ages are such that the needs of both of them can be provided for during the time that they are likely to live and this purpose can be met by a mortgage or sale of the property. This is a matter which we think was largely within the discretion of the court. The facts are rather exceptional. We do not feel that we should disturb the judgment.

The order of the lower court is affirmed.