## Commonwealth v. Nagle, Appellant.

*Appeals—Interlocutory order—Desertion—Issue.*

An order refusing a petition for an issue to determine the paternity of a child, in proceedings under the Act of April 13, 1867, P. L. 78, by the mother of the child, for an order on the father for support of the child, is an interlocutory order from which no appeal lies.

Argued April 23, 1905. Appeal, No. 45, Oct. T., 1905, by defendant, from order of Q. S. Phila. Co., Jan. T., 1904, refusing an issue in case of Commonwealth v. Theodore M. Nagle. Before RICE, P. J., ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Appeal quashed.

Petition for an issue to determine the paternity of a child. The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Dwight M. Lowrey*, with him *George S. Graham*, for appellant.

*William T. Conner*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee.

OPINION BY ORLADY, J., May 14, 1906:
This is a proceeding instituted, under the Act of April 13,

1867, P. L. 78, by a mother of a minor child for an order on the father for the support of the child. A warrant was issued by a magistrate in Philadelphia, on September 23, 1903, on the oath of Agnes G. Nagle. On December 2, 1903, the defendant was arrested and gave bail before an alderman of Erie, Pa., for his appearance at the succeeding January Term of the court of quarter sessions for Philadelphia county.

So far as the record discloses the case rested until December 20, 1905, when the defendant presented his petition praying that an issue be framed, between the commonwealth and the petitioner, to try before the jury the disputed question of the paternity of said child. To this petition an answer was filed the same day by Agnes D. Nagle, in which all of the material facts, on which the defendant relied, were substantially denied, and no additional evidence was presented to the court. After argument on December 27, the prayer of the petition was refused and an exception allowed, from which decree this appeal is taken.

Under the statutes limiting the right of appeal to final decrees only, it is necessary to preserve the distinction between decrees which are merely interlocutory and those which are final, and while the distinction is sometimes exceedingly nice, it is clear that the order of which this defendant complains is merely auxiliary to the final determination of his case; affecting merely the mode of procedure and not involving a strict legal right of the parties.

The defendant pressed his motion for an issue while his petition was challenged in every important statement, without supporting it by any additional evidence, and if, for no other reason, the court was justified in refusing the prayer. There is no appeal from a judgment rendered in the exercise of discretionary power, unless it is specifically given by statute. It is not the use but the abuse of such a power that gives this court its supervisory control in such cases: Felts v. D., L. & W. Railroad Co., 160 Pa. 503.

The defendant's right to appeal at this stage of the case is so fully and clearly considered in Commonwealth v. Mills, 26 Pa. Superior Ct. 549, that it is not necessary to add further authorities.

No question of right to a trial by a jury arises in this record;

there is nothing in the constitution which prohibits the legislature from declaring, by its Act of March 13, 1903, P. L. 26, that the misdemeanor of a·husband or father who deserts or neglects to support his wife or child may be punished, by his being sentenced to pay a fine and be imprisoned, or either or both at the discretion of the court, without interfering with the remedies provided by the act of May 13, 1867, in securing an order for maintenance against a father who has deserted and failed to support his minor child.

The act of 1903 created a new offense defined as a misdemeanor, on conviction of which, imprisonment and fine may follow but in no way does it supersede a proceeding under the prior act.

The appeal is quashed.