# Commonwealth *v.* Kenney, Appellant.

*Desertion—Order for support—Extradition of defendant—Question not properly raised.*

Where, upon an appeal from an order of support, the appellant contends that the court had no jurisdiction because he had been improperly extradited, and the record does not show that the question was properly raised at the trial, but does show that the defendant was within the jurisdiction and that the proceedings for support were properly instituted and completed under the Act of April 13, 1867, P. L. 78, the order will be affirmed.

Argued October 18, 1922.    Appeal, No. 135, Oct. T., 1922, by defendant, from order of Municipal Court of Philadelphia, Domestic Relations Division, No. 41, 997, in the case of Commonwealth of Pennsylvania v. Thomas H. Kenney.    Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Petition alleging desertion and praying for an order for support.    Before BROWN, P. J.

The opinion of the Superior Court states the case.

The court entered an order directing the defendant to pay the sum of $50 per week for the support of his wife and child.    Defendant appealed.

*Errors assigned* were the order of the court and assumption of jurisdiction by the court.

*Francis S. Laws,* of *Lewis, Adler & Laws,* for appellant.—The Act of 1867 is merely a "support act" and in no sense a criminal act and hence there is no power under that act to extradite a defendant: Com. v. Nagle, 31 Pa. Superior Ct. 175; Com. v. Mills, 26 Pa. Superior Ct. 549.

*Franklin E. Barr,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appel-

lee.—The mere fact that the defendant is within the Commonwealth and has neglected to give support is sufficient to give jurisdiction: Demott v. Com., 64 Pa. 302; Barnes' App., 2 Pennypacker 506.

OPINION BY TREXLER, J., March 2, 1923:

The proceedings in this case appear to be entirely regular. There is a petition under oath presented by the wife alleging that her husband without reasonable cause separated from her and ceased to maintain her and her child. Defendant is brought into court and the matter is heard and an order for support made. This was done under Act of April 13, 1867, P. L. 78, which is still in force and has not been superseded by the Act of March 13, 1903, P. L. 26, which made desertion a misdemeanor: Com. v. Nagle, 31 Pa. Superior Ct. 175.

The defendant contends that the court had no jurisdiction to hear the complaint, that the case should have been heard by a jury, that he was extradited on a charge of desertion under the Act of 1867 and that it was only under the Act of 1903, supra, making desertion a misdemeanor that he could have been brought from New York to Pennsylvania for trial.

We search in vain in the record to find any place in the trial where the question was properly raised. Indeed we have no proper record showing that defendant was extradited. The only item in the docket having any possible reference to it is that a "fugitive" warrant was issued, but the warrant itself gives defendant's residence as Philadelphia and where and how it was executed does not appear. There is some reference made in the testimony to the fact that the defendant was extradited and conceding arguendo that defendant was arrested in New York and brought to Pennsylvania and that a mistake was made in New York in granting the extradition upon proceedings for support, it seems that the defendant, now being within the jurisdiction of the court, cannot complain. If the governor of New York saw fit to give

up defendant that ends the matter.  "The constitutional provision was not devised for the benefit of the fugitive": Dow's Case, 18 Pa. 37.  See also Norton's Case, 15 W. N. C. 395.  All that we need to consider is that the case was properly begun under the Act of 1867 and that after hearing by the court without a jury, as authorized by said act, the court made an order of support.  The assignments of error are overruled and the order of court is affirmed.