## Commonwealth *v.* McCoy, Appellant.

*Desertion—Order for support—Question of fact—Determination —Acts of April 13, 1867, and March 13, 1903.*

The Act of March 13, 1903, P. L. 26, which authorized the punishment of desertion or nonsupport of a wife or children as a misdemeanor, did not repeal or supersede the Act of April 13, 1867, P. L. 78.

Upon proceedings to compel a husband to support his wife, under the Act of 1867, where the conflicting testimony presented a question of fact, it was the duty of the court below to determine the facts from the testimony and to enter such order as the truth required. There having been competent evidence to support the order made by the court its judgment will be affirmed.

Argued March 12, 1923. Appeal, No. 104, April T., 1923, by defendant, from judgment of Q. S. Beaver Co., Sept. Sessions, 1922, No. 8, in favor of plaintiff, in the case of Commonwealth of Pennsylvania v. Ross L. McCoy. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Information alleging desertion and praying for an order of support. Before READER, J.

The opinion of the Superior Court states the case.

The court entered an order directing the defendant to pay $50 per month for the support of his wife. Defendant appealed.

*Error assigned* was the order and judgment of the court, quoting it.

*Lawrence M. Sebring,* for appellant.

*William A. McConnell,* and with him *Louis E. Graham,* District Attorney, for appellee.

OPINION BY PORTER, J., July 12, 1923:

We find no irregularity in the proceedings which resulted in the order from which the defendant appeals.

There was an information by the wife, under oath, made before a justice of the peace, alleging that the defendant, her husband, separated himself from her, without reasonable cause, and had since willfully neglected to maintain her.   The defendant, after a hearing, before the justice, gave bail to answer the charge at the next court of quarter sessions.   The information and transcript of the proceedings before the magistrate having been duly returned to court a hearing was there had, the parties submitting such testimony as they saw fit to produce, and upon consideration thereof the court made an order for the support and maintenance of the wife, in an amount authorized by the statute.   The information contained all the averments necessary to support a proceeding under the Act of April 13, 1867, P. L. 78, and the proceedings were conducted in accordance with the provisions of that statute.   The Act of 1867 was not repealed nor superseded by the Act of March 13, 1903, P. L. 26, which authorized the punishment of desertion or non-support of wife or children as a misdemeanor: Com. v. Mills, 26 Pa. Superior Ct. 549; Com. v. Nagle, 31 Pa. Superior Ct. 175; Com. v. Kenney, 80 Pa. Superior Ct. 418.

The evidence presented in the court below was conflicting and from that conflicting testimony it became the duty of the court below to determine the facts and enter such order as the truth required.   The court found that the defendant had neglected to support his wife and made an order requiring him to contribute to her maintenance.   We cannot say that that order was not supported by competent evidence.

The judgment is affirmed and it is ordered that the appellant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.