# Commonwealth ex rel. *v*. Carson, Appellant.

*Criminal law—Desertion — Order of support—Former order — Vacation—Effect.*

The vacation of an order of support in the municipal court of one county is not a bar to a subsequent order by the court of quarter sessions of another county, where such court has jurisdiction of the person and the subject-matter. Even although the judgment or order of the municipal court was conclusive as to the right of the wife to support at the time it was made, it was not necessarily conclusive as to a subsequent time on a different state of facts.

Argued October 22, 1923. Appeal, No. 59, Oct. T., 1923, by defendant, from judgment of Q. S. Clinton Co., Jan. T., 1923, No. 6, making an order of support in the case of Commonwealth of Pennsylvania ex rel. Jane Crowley Carson v. John Joseph Carson. Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition for order of support.   Before BAIRD, P. J.

The facts are stated in the opinion of the Superior Court.

The court below made an order of support.   Defendant appealed.

*Error assigned* was, among others, the judgment of the court.

*Raymond V. John,* for appellant.

*M. E. Haggerty,* and with him *J. J. Kintner,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., November 21, 1923:

This is an appeal from an order of the court of quarter sessions requiring a husband to pay his wife $12.50 per week for her support and maintenance from November 1, 1922, and to give security for compliance with the order and to stand committed until the order is complied with.   The proceeding was under the Act of April 13, 1867, P. L. 78.   The complaint charged that the husband unlawfully and wilfully and without reasonable cause separated himself from his wife and that, since September 26, 1922, he neglected and refused to support her.   At the hearing in the court below, defendant rested his defense on a plea of former conviction in the Municipal Court of Philadelphia on a similar proceeding instituted by his wife on December 30, 1920.   His counsel presented an exemplified copy of the record of the proceeding in the municipal court, showing that on January 14, 1921, that court made an order that defendant pay his wife $12.50 per week from that date; that on June 16, 1922, on petition of a probation officer of that court, setting forth that the beneficiary "is a prosperous business woman in Lock Haven, Pennsylvania, and therefore out of the jurisdiction," and praying that the order of June 14, 1921, against the defendant be suspended, that court

made an order vacating the order of January 14, 1921, and remitting all arrearages due under the same. Defendant contends that under this state of facts the original arrest and order in the year 1920 constituted a conviction of the offense then charged, and that such conviction is a bar to further prosecution for the same offense. Manifestly both prosecutions were brought under the Act of April 13, 1867, P. L. 78. Desertion was not a crime under that act. It became a crime in this State by the Act of March 13, 1903, P. L. 26, of which act we said in Com. v. Mills, 26 Pa. Superior Ct. 549, it "contemplates a prosecution by indictment and trial by jury and the primary object is the punishment of the accused. But it does not follow that it supersedes......the Act of 1867 to compel a delinquent husband or father to contribute to the support of his wife or children." See also Com. v. Nagle, 31 Pa. Superior Ct. 175; Com. v. Kenney, 80 Pa. Superior Ct. 418; Commonwealth v. McCoy, 81 Pa. Superior Ct. 191. An order made upon a hearing on a charge of desertion and nonsupport under the Act of 1867 is not a conviction of an indictable offense which would bar a subsequent prosecution under the Act of 1903. The purpose of the former act was the protection and maintenance of wives and children: Keller v. Com., 71 Pa. 413; Com. v. Tragle, 4 Pa. Superior Ct. 159. The purpose of the latter act was the punishment of deserting husbands. Desertion and nonsupport are continuing offenses: Com. v. Hart, 12 Pa. Superior Ct. 605. The court of quarter sessions of any county, where complaint is made under the Act of 1867, has jurisdiction of the proceedings without regard to the residence or settlement of the defendant and without reference to where the original desertion took place: Com. v. Tragle, supra; Keller v. Com., supra. The proceeding in the Municipal Court of Philadelphia County was ended before this proceeding began in Clinton County. The order of that court was not vacated at the instance of the wife but on petition of a probation officer of that court. The

present proceeding is based on a complaint alleging non support covering a period subsequent to the vocation of the former order. We think the wife's right to support is not barred by her failure to appeal from the order of vacation of the municipal court. The wife's residence is in Clinton County and the courts of that county are open to her. We find no merit in defendant's contention that the order of vacation is a bar to this proceeding because it was a judgment of a court of competent jurisdiction upon the same issue. The answer to this is that even if the judgment or order of the municipal court is conclusive as to the right of the wife to support at that time, (which we do not decide) it is not necessarily conclusive as to subsequent time on a different state of facts.

The judgment is affirmed.