## Commonwealth ex rel. Slade v. Slade, Appellant.

*Husband and wife—Order of support—Excessive order.*

An award of thirty-five dollars a week against a husband for the support of his wife is excessive and will be modified on appeal where it appears that the respondent's income is not more than forty-five dollars per week.

In such cases the amount awarded for the support of the wife should not exceed one-third of the income of the property and labor of the husband. The order accordingly was reduced to twenty dollars per week.

Argued October 17, 1927. Appeal No. 324, October T., 1927, by defendant from judgment of M. C. Philadelphia County, February T., 1927, No. 246, in the case of Commonwealth of Pennsylvania ex rel. Lillian Slade, v. Frederick Slade. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Modified.

Petition for rehearing on order of support. Before BROWN, J.

The facts are stated in the opinion of the Superior Court.

The original order of fifty dollars per week was reduced to thirty-five dollars per week. Defendant appealed.

*Error assigned* was the order of the Court.

*William A. Gray,* for appellant.

*Hugh D. Scott, Jr.,* Assistant District Attorney, and with him *Franklin E. Barr,* Assistant District Attorney, and *Charles Edwin Fox,* District Attorney, for appellee.

OPINION BY GAWTHROP, J., November 21, 1927:

January 24, 1927, Lillian Slade filed in the court

534  COMMONWEALTH ex rel. SLADE *v.* SLADE, Appel.

Opinion of the Court.    [91 Pa. Superior Ct.

below a complaint that on January 21, 1927, her husband, the defendant, separated himself from her without reasonable cause and had since that time neglected to maintain her, and that her purpose was to secure provision for support. After a hearing held February 2, 1927, at which the wife and the husband testified, the court below filed a decree ordering the husband to pay his wife $50 a week for her support, "with the right to either party to come in at any time should the circumstances warrant, to decrease or increase." April 14, 1927, the husband filed in the court below a petition averring that upon the hearing on the first petition his wife had testified that his income was $350 a week, and that he owned a lot in Chester, Pennsylvania, valued at $10,000, and a house in Atlantic City valued at $10,000, and the house in which he lived in Philadelphia worth $8,500; that at that hearing the petitioner was unable to state exactly the amount of his gross income, but that it averaged from $75 to $100 a week; that no evidence was offered to show his net income; that since the making of the order against him, he had made a careful calculation of his net income for the year 1926 and for the portion of the year 1927 which had elapsed; that his gross income for the year 1926 amounted to $3,209 and his expenses during that year left him a net income of $2,383.08; and that his gross income for the first three months of the year 1927 amounted to $625; and that his expenses for that period left him a net income for those months of $382.87. The prayer was for a reduction of the former order. The court below granted a rule upon the wife to show cause why the order should not be reduced and a hearing was held April 14, 1927, before the judge who had made the order, and the amount payable per week was reduced from $50 to $35. The husband appeals from that order.

The only question before us is whether the evidence

COMMONWEALTH ex rel. SLADE v. SLADE, Appel.  535

533, (1917).]          Opinion of the Court.

warrants the sustaining of the order.  Unless it does
not the appellate court will not substitute its judg-
ment for that of the court below.  It should be observed
that the question which the court below considered at
the second hearing was not whether there was such
a change in the ability of the husband to comply with
the first order as called for a reduction, but there was
a reconsideration of the case based upon the husband's
allegation that he was able to furnish more definite in-
formation as to his income, which would show the for-
mer order to be excessive.  Although there was testi-
mony by the wife that her husband's income was from
$250 to $350 per week, the evidence makes it clear that
she had no definite information upon that subject.
When asked how she knew what his earnings were, she
said: "Because he keeps a record on the card of the
patient, when he calls—everything is on the cards, he
laid out the cards for the patient he was going to see
in the afternoons and the bills and everything which
he sent out during the week."  It is manifest to us that
her testimony in this respect was not only too indefi-
nite to warrant the grounding of an order upon it,
but that it amounted to little more than a surmise or
guess.  Her testimony as to her husband's property
was that the house in which they had lived was worth
$8,500 and was subject to a mortgage of $1,500; and
that he told her that he owned a property in Chester,
Pennsylvania, worth $10,000, and a house in Atlantic
City worth $10,000.  The parties are members of the
colored race.  The husband is a practicing physician,
whose patients are largely persons of the poorer class.
In addition to testifying definitely at the second hear-
ing as to the amounts of his gross and net income de-
rived from his practice, as set forth in his second peti-
tion, he testified that he owned no property in Chester,
Pennsylvania, and that his real estate in Atlantic City,
which produced a rental of $100 a month, was subject

to a building and loan mortgage for $5,000 and a second mortgage, and that the interest and expenses consumed the entire income from the property. There was no evidence to the contrary. The evidence does not support a finding that his income for the fifteen months prior to the last hearing averaged more than $45 a week. As we said in Com. v. Milne, 90 Pa. Superior Ct. 68, 73, the settled policy in these cases is that the amount awarded for the support of the wife should not exceed one-third of the income of the property and labor of the husband. Making a liberal allowance for possible income from property or sources other than his practice, we are constrained to hold that the evidence does not warrant an order in excess of $20 a week.

The order of the court below is modified and it is now ordered that the respondent pay to his wife, Lillian Slade, for her support the sum of $20 per week from August 8, 1927, and give bond or enter into a recognizance, with security to be approved by the Municipal Court of Philadelphia County, or a judge thereof, in the sum of $500 for the faithful performance of this order, and pay the costs in the court below and stand committed until the order is complied with.

Costs on this appeal to be paid by appellant.