Commonwealth *v.* Smith, Appellant.

Argued March 12, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*W. G. Schrier,* of *Schrier & Vallilee,* for appellant.

*J. Roy Lilley* and *William P. Wilson,* for Constance Smith, appellee.

*T. F. Kernan,* District Attorney, filed no brief.

OPINION BY KELLER, J., April 15, 1935:

This record is in an anomalous condition. On October 20, 1934, Constance R. Smith made complaint before a justice of the peace charging her husband, Raymond A. Smith, with wilful desertion and wilful neglect to support her and their two minor children, Rose Marie, aged eleven years, and Theresa Ann, aged eight years. The complaint was drawn in the language of the Act of March 13, 1903, P. L. 26, making it a misdemeanor for a husband or father to desert and neglect to support his wife or children; and the Act of July 12, 1919, P. L. 939, which reenacted the Act of 1903, with slight changes.

It does not appear from the record before us whether or not the defendant was arrested and gave bail for court. The transcript of the justice of the peace was

filed in the court of quarter sessions on October 27, 1934, and on November 20, 1934, without the preparation of an indictment or the finding of a true bill, the matter came up for hearing before that court.

After hearing in open court, the court "adjudged" the defendant "guilty of wilful desertion of his children, Rose Marie Smith, aged 11 years, and Theresa A. Smith, aged 8 years" and ordered him "to pay to his wife, Mrs. Constance R. Smith, for the support of said children, the sum of fifty dollars per month until further order of court, and also to pay the costs of this proceeding; and to enter into sufficient security to pay said sum of fifty dollars per month, one-half thereof each two weeks, and to stand committed until such costs are paid and such security given."

The defendant appealed.

As before stated, the complaint was drawn in the language of the Acts of 1903 and 1919, rather than the Act of April 13, 1867, P. L. 78, for the relief of wives and children, deserted by their husbands and fathers, within this Commonwealth, and its amendments of March 5, 1907, P. L. 6; April 15, 1913, P. L. 72; and June 15, 1917, P. L. 614. The difference between the two proceedings is manifest. Under the Acts of 1903 and 1919 the defendant is charged with a misdemeanor, to be tried, after the finding of a true bill by a grand jury, as all misdemeanors are tried, by a jury. Under the Act of 1867, and its supplements, the proceedings are returned to the next court of quarter sessions, when the court, without any indictment or jury trial, after hearing, may order the defendant, "being of sufficient ability, to pay such sum as said court shall think reasonable and proper, for the comfortable support and maintenance of the said wife, or children, or both," etc. The Act of 1867 makes no provision for the court to adjudge the defendant guilty of wilful desertion in

such proceeding or do more than make an order, with power to commit, if not complied with.

The present case seems to have been a mixture of both proceedings; for the complaint or information charges a misdemeanor under the Act of 1903 or 1919; there was no indictment prepared or submitted to a grand jury and no true bill found; the case was heard by the court of quarter sessions, without a jury; and the court "adjudged the defendant guilty of wilful desertion," in addition to ordering him to pay money for the support of his minor children, and the costs, and to stand committed until such costs were paid and security given for payment of such support.

If the proceeding was under the Act of 1903 or Act of 1919, the judgment must be reversed and set aside. The court has no power to try a misdemeanor without a jury and adjudge the defendant guilty; and even the consent of the defendant cannot give jurisdiction: Com. v. Hall, 91 Pa. Superior Ct. 485, opinion by President Judge PORTER, affirmed in 291 Pa. 341, 140 A. 626, in an exhaustive opinion by Chief Justice MOSCHZISKER.

On the other hand, if the proceeding was under the Act of 1867 and its supplements, and the adjudgment that the defendant was guilty of wilful desertion be regarded as surplusage, we then consider the appeal as a certiorari, and under the Act of April 18, 1919, P. L. 72, it is our duty to review the whole record, including the testimony taken in the court below, to ascertain whether the court below exceeded its jurisdiction or its proper legal discretion, and to test the right of the court to make the order complained of: Sterrett v. MacLean, 293 Pa. 557, 560, 561, 143 A. 189; Revocation of Mark's License, 115 Pa. Superior Ct. 256, 176 A. 260.

The testimony showed that the defendant earned $25 a week; that at the time complaint was entered against him he had been regularly and voluntarily, without any

order of court, paying $17.50 every two weeks for the support of his minor children, the last payment having been made three days before the complaint was entered. The court below did not adjudge the defendant guilty of deserting his wife nor order him to pay anything for her support, probably for good and sufficient reasons appearing in the evidence. In fact the evidence is such that it may be doubted whether the complainant is a fit and proper person to have the custody of these children.

We are of opinion that in view of his earnings and having regard to the sufficiency of his ability to pay, which the Act of 1867 directs must be considered, the defendant was, when the complaint was entered against him, reasonably maintaining his children according to his circumstances and ability; and that the court below exceeded its proper legal discretion in ordering him to make a larger payment for the support of the children, enter security to pay the same, pay the costs and stand committed until such costs were paid and such security given. When a man is voluntarily contributing a reasonable sum, in proportion to his earnings and ability to pay, for the support of his children, he should not be harassed by proceedings, requiring the payment of costs, and the entry of security, with commitment to jail if he fails to pay such costs or enter security. It is time enough to institute such proceedings when he fails to keep up the payments he is voluntarily making, if reasonable in amount, considering his earnings and ability to pay.

Whichever horn of the dilemma is taken the order of the court below should be reversed.

Order reversed.