Commonwealth (ex rel. Snyder, Ap.) *v.* Snyder.

Argued October 1, 1935.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Fred A. Schaffer*, of *Schaffer & Schaffer*, with him *Bloom & Bloom* and *R. M. Fortney*, District Attorney, for appellant.

*E. M. Roush*, with him *C. F. Shipman*, for appellee.

Opinion by Rhodes, J., December 18, 1935:

This is an appeal, by Lottie C. Snyder, from an order of the court below striking off a former order directing that the defendant, John H. Snyder, pay her, for her support, the sum of $35 per month.

The original order was made on September 6, 1927, directing defendant to pay his wife, Lottie C. Snyder, the sum of $70 per month. On June 12, 1930, the defendant presented his petition for rule to show cause why this order should not be rescinded. On September 22, 1930, after hearing, the court reduced the amount the defendant was directed to pay to his wife to the sum of $35 per month. On March 21, 1933, the defendant again presented a petition for rule to show cause why the order of support should not be rescinded.

This petition set forth that the defendant's income and earnings had been greatly reduced, and that he was unable to meet the amount of the order for the separate support of his wife. He also therein alleged that there had been no desertion or nonsupport of his wife, at any time, on his part, and that his wife had a separate annual income of $1,500 to $2,000. An answer was filed, and a hearing followed on April 4, 1933. On March 18, 1935, the court entered the order striking off, as of that date, the order of September 22, 1930, for the payment of $35 per month to the prosecutrix. It is from this order that the appeal has been taken.

The court below, in its opinion dated March 18, 1935, and filed August 12, 1935, in support of the order of revocation, states: "It is now represented by counsel for defendant in open court, and admitted by counsel for the relator, that the defendant is no longer employed by the Sunbury Poor District, or the Sunbury School District, and has moved to Washingtonville, a small town in Montour County, where he began his practice. In view of the admitted holdings of the relator, and of the fact that defendant is making a new start in Washingtonville, we deem it just that the support order be stricken off at this time. It is our suggestion that a reconciliation be effected, if possible. If a reconciliation is not possible, we will reconsider this case at such time as it appears that the defendant has rehabilitated himself and established a practice and earnings at Washingtonville."

The testimony taken at the hearing on April 4, 1933, upon which the order of March 18, 1935, was based, does not show that the defendant had moved to Washingtonville, nor does it show any substantial change in the income of the defendant, or in the status of the parties, from that existing at the time of the second hearing on June 23, 1930, and the order which followed on September 22, 1930.

We are of the opinion that the order of March 18, 1935, is not supported by the evidence. At the time of both the second and third hearings, the defendant was a practicing physician in the city of Sunbury. At the time of the second hearing, his gross income, according to his own testimony, was about $4,400 per annum. At the third hearing, the gross annual income of the defendant was shown by the record to be about $4,500. Deductions from these respective incomes would be necessary for taxes, insurance, repairs, and professional expenses. The record of the third hearing shows the net income of the wife to have been approximately $350 per annum, derived from real and personal property owned by her for many years. This income of the wife was considerably less than it was in 1930.

The burden was upon the defendant to show, by competent evidence, such facts as would justify a revocation of the order of September 22, 1930, directing the payment of $35 per month by the defendant to his wife. Commonwealth ex rel. Ritter v. Ritter, 91 Pa. Superior Ct. 563. In our opinion, the defendant has failed to produce such evidence.

Although the reduction or revocation of an order for support is largely within the discretion of the court below, it must be based upon facts appearing in the record, which show such a permanent change in the defendant's circumstances as to require a modification or revocation of the existing order. Commonwealth ex rel. Berardino v. Berardino, 99 Pa. Superior Ct. 532. The original order of September 6, 1927, adjudicated the right of the appellant to support from her husband, and fixed the amount at $70 a month. No appeal was taken from this order by the defendant. The order of September 22, 1930, reduced this amount to $35 per month. No appeal was taken from this order.

The appellee contends that the facts and circumstances did not warrant the imposition of the original

order on the defendant, because there was no desertion or nonsupport at that time. From that order no appeal was taken, and those questions are not now before us. Commonwealth v. Knobloch, 89 Pa. Superior Ct. 216. The testimony at the second hearing relates entirely to the reduced income of the defendant, and, apparently, it was assumed that the wife was entitled to support, and that it was the duty of the defendant to provide it.

The record of the third hearing does not disclose any valid basis for the revocation of the order of September 22, 1930. There does not appear in the record evidence of any such change in the circumstances of the defendant as would warrant a modification or revocation of that order.

The only question for our consideration on this appeal is whether the evidence, given at the hearing on April 4, 1933, warrants sustaining the order of revocation of the court below. Commonwealth v. Smith, 117 Pa. Superior Ct. 318, 178 A. 335; Commonwealth ex rel. Slade v. Slade, 91 Pa. Superior Ct. 533; Commonwealth v. Leonard, 93 Pa. Superior Ct. 21. We are of the opinion that it does not.

The assignment of error is sustained. The order of the court below is reversed, and the order of September 22, 1930, is reinstated. In accordance with said order, it is now ordered that the defendant pay to his wife, Lottie C. Snyder, the sum of $35 per month, for her support, from the date of the last payment, and give bond with sureties, if not already given, to be approved by the Court of Quarter Sessions of Northumberland County, or a judge thereof, in an adequate sum for the faithful performance thereof, and that he pay the costs in the court below, and stand committed until the order is complied with. Costs on this appeal to be paid by appellee.