Commonwealth *v.* Widmeyer, Appellant.

92

Argued December 8, 1941.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*John P. Butt,* with him *William A. Burns,* for appellant.

*Henry Gouley,* with him *William B. McClenachan, Jr.,* District Attorney, and *Henry G. Sweney,* Assistant District Attorney, for appellee.

OPINION BY BALDRIGE, J., April 29, 1942:

We are confronted here with a jumbled record as a result of the failure of the moving parties to this litigation to distinguish between the Act of April 13, 1867, P. L. 78, as amended, 18 PS §1251, which enables wives and children of deserting husbands to secure support, and the Act of March 13, 1903, P. L. 26, §2, as amended and reenacted prior to 1939, 18 PS §1257, making desertion by the husband a misdemeanor: *Commonwealth v.*

*Smith,* 117 Pa. Superior Ct. 318, 178 A. 335; *Commonwealth v. Carson,* 82 Pa. Superior Ct. 291.

The original record, all of which, for some unexplained reason, was not printed, shows that Clara F. Widmeyer on the 6th day of January 1939, made information before a justice of the peace against her husband, the appellant herein, charging him with desertion and non-support and asking that a warrant be issued. The complaint was drawn in the language of the Act of 1867, supra. Process was served, and on January 11, 1939, the justice, instead of simply binding the defendant over to appear at the next court of quarter sessions, held a hearing and found the defendant guilty as charged, and directed him to enter bail in the amount of $500 for appearance at the next term of court. In default of entering bail he was committed to jail. The following day with the wife's consent he was released on his own recognizance, conditioned to appear "at the next term of court or when wanted."

A transcript of the record, including the testimony taken before the justice, was filed in the court of quarter sessions on January 17, 1939, and docketed to No. 40, March Sessions, 1939. The first docket entry of the quarter sessions, dated January 23, 1939, states: "Continued indefinitely. Own recogn. $500."

Accompanying the original record is a letter dated May 27, 1939, to Mr. Toal the assistant district attorney, from Mr. Gouley, representing the wife, stating that his client desired an indictment be found against her husband for desertion and non-support so that he might be extradited as he failed to appear for a hearing before the probation officer and fled to his former home in Hancock, Maryland.

At that point the parties apparently attempted to shift the procedure and the case was conducted thereafter as though a criminal action had been originally instituted under the Act of 1903, supra. An indictment was then drawn under that act, charging the defendant

with desertion and neglect to maintain his wife. A true bill was returned on June 6, 1939, and the same day a bench warrant was issued. No plea was ever entered to this indictment. Nothing seemed to have been done thereafter until December 21, 1940, when the wife filed an "Affidavit of Necessity" setting forth that she was ill and without funds.

On March 18, 1941, the defendant was arrested in Fulton County where cash bail was given for his appearance at Media when directed by the district attorney. On April 18, 1941, a hearing was had before Judge McDADE. Both parties were represented by counsel and testimony was taken relating to the wife's income and her needs, and also to the husband's financial ability to pay for the wife's support, but no order was made that day. On April 28, 1941, the lower court directed the defendant to pay the county of Delaware $248.29, the amount expended for extradition costs. This was followed by an order on May 3, 1941, requiring the defendant to pay his wife $100 a month for her support and maintenance, together with costs, and to give bail in the sum of $1000 to comply with the order of the court and to appear before it when required, "provided, however, he pleads guilty to the indictment of desertion. However, if he does not so comply then the said security must be in real estate or by an approved surety." On May 16, 1941, exceptions were filed to that order. That concludes the docket entries until an appeal was taken to this court.

Thus we have a confused situation. A proceeding started under the Act of 1867, a quasi criminal statute, and before its completion shifted to, and subsequent steps taken under, an entirely distinct and strictly a criminal statute, the Act of 1903. Any order for support made under the Act of 1867, based on such a mixed up record as the one before us, renders the order invalid.

President Judge KELLER very clearly pointed out the

distinction between the Act of 1867 and that of 1903 in *Commonwealth v. Smith,* supra, at page 320: "Under the Acts of 1903 and 1919 the defendant is charged with a misdemeanor, to be tried, after the finding of a true bill by a grand jury, as all misdemeanors are tried, by a jury. Under the Act of 1867, and its supplements, the proceedings are returned to the next court of quarter sessions, when the court, without any indictment or jury trial, after hearing, may order the defendant, 'being of sufficient ability, to pay such sum as said court shall think reasonable and proper, for the comfortable support and maintenance of the said wife, or children, or both,' etc. The Act of 1867 makes no provision for the court to adjudge the defendant guilty of wilful desertion in such proceeding or do more than make an order, with power to commit, if not complied with."

Earlier in *Commonwealth v. Carson,* 82 Pa. Superior Ct. 291, we stated that desertion was not a crime under the Act of 1867. (Page 293) "An order made upon a hearing on a charge of desertion and non-support under the Act of 1867 is not a conviction of an indictable offense which would bar a subsequent prosecution under the Act of 1903. The purpose of the former act was the protection and maintenance of wives and children: *Keller v. Com.,* 71 Pa. 413; *Com. v. Tragle,* 4 Pa. Superior Ct. 159. The purpose of the latter act was the punishment of deserting husbands."

Admittedly the Act of 1867 is not superseded by the Act of 1903 and proceedings under the different acts are not conflicting, they may run concurrently; *Com. v. Mills,* 26 Pa. Superior Ct. 549; *Com. v. Kenney,* 80 Pa. Superior Ct. 418; *Com. v. McCoy,* 81 Pa. Superior Ct. 191; *Com. v. Carson,* supra; *Com. v. McClelland,* 109 Pa. Superior Ct. 211, 167 A. 367.

One charged with non-support under the provisions of the Act of 1867 may not be extradited as for a crime. See *Commonwealth v. Kenney,* supra. It is evident

that the extradition proceedings were had under the indictment aforesaid charging a misdemeanor.

The defendant could not have been tried on the indictment as no plea had been entered thereto, and furthermore the judge had no power to try a misdemeanor without a jury. Since our decision in *Commonwealth v. Smith,* supra, the legislature passed an act permitting the defendant to waive a jury trial in certain criminal cases when such waiver is in writing, signed by the defendant, and filed as a part of the record. See Act of June 11, 1935, P. L. 319, 19 PS §786, and *Commonwealth v. Kramer,* 146 Pa. Superior Ct. 91, 22 A. 2d 46. That was not done in this case. It is apparent, therefore, that everything following the arrest, namely, the hearing before the magistrate, the indictment, and extradition, were had under the Act of 1903 rather than under that of 1867.

There is no legal authority for that part of the lower court's order which requires defendant to plead guilty to the indictment **charging** desertion under the Act of 1903, or else give bond with approved surety. Section 2 of the Act of 1903, supra, authorizes the court, where defendant is convicted of the misdemeanor, to make an order for the support of the wife and children, and further to suspend sentence on the conviction, conditioned upon defendant's compliance with the support order. That is no authority, however, for the court's mixing what should be two separate proceedings under the respective **acts and requiring** defendant to plead guilty to the criminal charge as a condition of the support order.

The order of the court is reversed, the record remitted to the court below with directions to have this case, which was evidently considered in the court below as a misdemeanor, as an indictment was found, tried before a jury.