## Commonwealth ex rel. Bundy, Appellant,
### *v.* Bundy.

*William Jay Leon* and *Thomas Waltz,* for appellant.

*Robert P. Shick* and *Warren B. Simpson,* for appellee.

PER CURIAM, June 19, 1946:

The appellant lodged an appeal in this court 88 days after the Municipal Court of Philadelphia entered an order dismissing her petition for support instituted under section 733 of the Penal Code of June 24, 1939, P. L. 872, 18 PS §4733. The appellee has filed a motion to quash the appeal on the ground that it was filed too late.

The Act of May 11, 1927, P. L. 972, amending section 4 of the Act of May 19, 1897, P. L. 67, 12 PS §1136, provides: "No appeal shall be allowed, in any case, from a sentence or order of any court of quarter sessions . . . unless taken within forty-five days from the entry of the sentence or order . . ." The question for determination is whether that statute applies to a support proceeding instituted in the Municipal Court of Philadelphia County.

The Municipal Court has exclusive jurisdiction over this type of proceeding, under section 11, Act of July 12, 1913, P. L. 711, 17 PS §694. The right of appeal from decisions of that court is provided for in section 14 of the Act of 1913, supra, 17 PS §697, as follows: "All parties believing themselves to be aggrieved by the decisions of said municipal court may remove their cases by appeal or writ of error, to the Supreme or Superior Court, as the case may be, *in accordance with the law now existing or which may hereafter be adopted, and in accordance with the practice and procedure now existing or which may hereafter be adopted in perfecting appeals from existing courts in Philadelphia County.*" (Italics supplied.)

The Supreme Court has held that the County Court of Allegheny County, which, like the Municipal Court of Philadelphia County, has been given exclusive statutory jurisdiction over support proceedings, "is a substitute for its court of quarter sessions in desertion proceedings . . ." *Kemnitzer v. Kemnitzer*, 335 Pa. 105, 110, 6 A. 2d 571. It follows logically that as the Municipal Court is a substitute in this proceeding for the court of quarter sessions, the above quoted portion of the Act of 1927, supra, should apply here.

We are not disregarding previous pronouncements that a support proceeding is not a criminal prosecution *(Commonwealth v. Tragle*, 4 Pa. Superior Ct. 159, 162), but is instituted under a quasi-criminal statute *(Commonwealth v. Widmeyer*, 149 Pa. Superior Ct. 91,

94, 26 A. 2d 125), for the result does not depend upon the distinction between a quasi-criminal and criminal proceeding. The controlling criterion here is that the order appealed from was entered in a proceeding which, except in Allegheny and Philadelphia Counties, is instituted in the Court of Quarter Sessions.

To conclude, as the appellee suggests, that since the Municipal Court was not specifically mentioned in the Act of. 1927, supra, the provision of the former acts of which it was amendatory, should apply, which would permit the appeal to be filed within 90 days, would establish two systems applicable to the same type of proceedings in different courts and would only lead to confusion. It is difficult to conceive that the legislature ever intended such a result. In fact the intention as manifested by section 14 of the Act of 1913, supra, 17 PS §697, is just to the contrary.

The motion to quash is granted.