## Commonwealth ex rel. O'Gara *v.* O'Gara, Appellant.

406

Argued March 28, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Frank O'Gara*, appellant, in propria persona.

*H. Kenneth Butera*, Assistant District Attorney, for appellee.

OPINION BY WOODSIDE, J., June 13, 1962:

This is an appeal from an order of the Court of Quarter Sessions of Montgomery County, directing the appellant to pay $35 per week for the support of his wife and $25 per week for the support of his son. He does not question the order for the support of his son nor the *amount* of the order for the support of his wife. He contends that he is not liable for the support of his wife because she deserted him without sufficient cause.

The court below found as follows: "In October, 1957, relatrix, complaining of defendant's mistreatment, left the common domicile. Defendant made certain promises, as a result of which the relatrix returned. On or about May 27, 1960, defendant closed their joint checking account and he began the practice of paying $50 per week to the relatrix for household expenses. In September, 1960, he stopped furnishing her with house money and thereafter, he alone did all the marketing for the household. On October 26, 1960, when the relatrix mentioned something about the expenses, the defendant grabbed her by the hair and threw her to the floor, injuring her head, shoulder and back. As a result, she was obliged to obtain medical care and suffered pain constantly for over a week. Before that time, and since, defendant called relatrix a psychopath, he accused her of stealing, and he made a practice of addressing her in vile and profane language almost every day. He also bragged to the prosecutrix that he had taken a fashion model out to dinner.

"In March, 1961, Mary H. Colton, aunt of the relatrix, stayed for a week with the O'Garas at their house. During that time the defendant used such abusive and threatening language toward the prosecutrix that Miss Colton feared that he might injure the prosecutrix. Relatrix tried to find an apartment within her means, but was unable to do so until June, 1961, at which time she finally left the common domicile."

A husband has the duty of supporting his wife until facts appear of record which negative such duty. *Kaufmann v. Kaufmann*, 166 Pa. Superior Ct. 6, 11, 70 A. 2d 481 (1950). It is not necessary for a wife to present ground for leaving which would entitle her to a divorce in order to receive support. *Commonwealth ex rel. Rovner v. Rovner*, 177 Pa. Superior Ct. 122, 111 A. 2d 160 (1955); *Commonwealth ex rel. DiPietro v. DiPietro*, 175 Pa. Superior Ct. 18, 102 A. 2d 192 (1954).

The appellant, arguing before us in propria persona, contends that the court below denied him his constitutional right to be heard by counsel. The rule concerning counsel is less strict in this kind of a support action, which is a quasi-criminal action, than it is in a criminal action. See *Commonwealth ex rel. Trichon v. Trichon,* 189 Pa. Superior Ct. 395, 150 A. 2d 176 (1959); *Commonwealth v. Peters,* 178 Pa. Superior Ct. 82, 86, 113 A. 2d 327 (1955).

The defendant consulted counsel who attempted to get a continuance of the hearing because he was unable to appear on the day for which it had been set. When the motion for a continuance was denied, counsel notified the defendant who had at least three days to obtain other counsel. Instead of obtaining other counsel, he came into court, as he subsequently did in our Court, and acted as his own counsel. It is important to hold hearings in actions for support of a wife and children promptly. The court did not abuse its discretion in refusing the continuance when the defendant had sufficient time to obtain other counsel, as he did in this case.

The appellant contends the trial judge was prejudiced and did not permit him all of the time necessary to cross-examine his wife and her witnesses and present his own case. The record shows that the trial judge had difficulty in keeping the defendant within the bounds of relevancy. What appeared to the defendant as prejudice and impatience on the part of the judge was merely the court's effort to prevent undue delay in hearing a case involving a relatively narrow question.

The right of the wife to an order is beyond question, and the appeal is without merit.

Order affirmed.