Opinion by
 

 Flood, J.,
 

 On March 4, 1958, President Judge Palmer ordered the defendant to pay one hundred dollars per month for the support of his wife and child. Following a hearing on August 25, 1958, Judge Dalton granted the defendant certain visitation privileges and, pending a final hearing, ordered the mother not to take the child out of the jurisdiction of the court. The defendant complied with the support order until June 7, 1959, when the relator took the child out of the jurisdiction. On September 21, 1959, upon motion of the district attorney, Judge Dalton directed that until further order of the court the defendant was to receive no payments from his employer over fifty percent of any amount which was or might become owing to him. No notice of the presentation of this motion had been served upon the defendant and on September 28, 1959, after hearing argument on the defendant’s oral petition to vacate the order of September 21, Judge Dalton made the following order: “And Now, September 28, 1959, it is Ordered and Directed that the Order of September 21, 1959, be entirely and completely revoked and all proceedings to be discontinued until further Order of the Court.” On January 7, 1963, Judge Paul, upon petition of the relator, granted a rule upon the defendant to show cause why the support order should not be certified to the court of common pleas to enforce payment of alleged arrearages in the sum of thirty-four hundred dollars. On June 11, 1963, after hearing and argument, he dismissed the relator’s petition because Judge Dalton told him that he intended that his order of September 28, 1959, should be a discontinuance of all proceedings in the court in any way pertaining to the support action, including any proceedings based upon Judge Palmer’s order of March 4, 1958. The relator has appealed from the dismissal of her petition for certification to the court of common pleas.
 

 
 *258
 
 In determining the propriety of the dismissal of the petition, Judge Dalton’s order of September 28, 1959, must be considered without reference to his subsequent oral interpretation of that order. No opinion was filed by him in support of the order and there is no indication as to what was argued before the court at the hearing when the order was made. In interpreting an order made by another judge, the court is bound by the words of the order itself, supplemented, if at all, only by statements or documents of record at the time the order was made. The court, at a later stage in the proceedings, cannot base its determination as to the effect of the earlier order upon what the judge who made that order subsequently says he intended by it. The court below erroneously concluded that it was bound by Judge Dalton’s present declaration of what he meant by an order made by him two years before, following an ex parte hearing of which no record was made.
 

 Judge Dalton’s order of September 28, 1959, refers only to his earlier order of September 21st which, in effect, sequestered fifty percent of the defendant’s wages. It does not, on its face, deal with the support order of March 4, 1958. The September 28th order contains only two directions which are clearly related and obviously deal with the same subject matter. It states that (1) “the Order of September 21, 1959 [is] entirely and completely revoked” and (2) “all proceedings [are] to be discontinued until further Order of the Court”. The second mandate, ordering all proceedings to be discontinued until further order, merely relates back to and clarifies the first, which directs that the order of September 21, 1959, be entirely and completely revoked. Only proceedings pertaining to the requested sequestration are to be discontinued. In other words, this order vacated the sequestration of wages and prevented, until further order of the court,
 
 *259
 
 any further action on the district attorney’s petition for sequestration. It did not, either literally or by implication, have the effect of eradicating unpaid arrearages under the support order or eliminating the defendant’s obligation to pay under it in the future.
 

 The order of September 28, 1959, did not and, under the record before us, could not discharge the arrearages of support. So far as the child is concerned, it is hard to see how such a discharge order could be sustained in any case. “The right of a young child to support from its father ‘is well nigh absolute’ ”.
 
 Commonwealth v. Mexal,
 
 201 Pa. Superior Ct. 457, 193 A. 2d 680 (1963). As to the support of the wife, the burden is upon the party seeking a change “to show, by competent evidence, such changes in conditions or circumstances as would justify a vacation or modification of the original order . . . .”
 
 Commonwealth ex rel. Crandall v. Crandall,
 
 145 Pa. Superior Ct. 359, 21 A. 2d 236 (1941).
 

 As to the elimination of the obligation of future support, we have held that “although the reduction or revocation of an order for support is largely within the discretion of the court below, it must be based upon facts appearing in the record, which show such a permanent change in the defendant’s circumstances as to require a modification or revocation of the existing order”.
 
 Commonwealth ex rel. Snyder v. Snyder,
 
 120 Pa. Superior Ct. 189, 182 A. 62 (1935). No evidence of changed circumstances appears in the record of the instant case.
 

 The order of the court below is reversed and the case is remanded for further proceedings in accordance with this opinion.