**Goodstadt v. Goodstadt**

*Joseph X. Yaffe and Robert A. Rosin,* for plaintiff.

*Jonathan DeYoung* and *Neil S. Perloff,* for defendant.

HONEYMAN, J., April 24, 1974.—On June 27, 1973, defendant, Harry Goodstadt, by order, agreed to pay support to his wife-plaintiff in the amount of $180 per week. Early in 1974 defendant filed a petition to reduce support order to which plaintiff made answer. In addition, plaintiff filed a petition for allowance of medical expenses in which plaintiff included a prayer for extraordinary medical expenses and a prayer for an increase in the support order by $55 per month to cover recurring medical expenses. Hearing was held before the undersigned judge on March 4, 1974, and the petition to decrease was dismissed as was the petition for allowance of medical expenses. Defendant has appealed to the Superior Court from the order dismissing the petition to decrease, thus necessitating this opinion.

The evidence adduced at the hearing showed that at the time of the support order entered on June 27, 1973, defendant grossed $314 and netted $252 per week as a shoe salesman for Harlyn Sales Company which is owned by defendant and in which he is sole shareholder. In his attempt to show grounds for a decrease, defendant first produced a certified public accountant to show that the income of Harlyn Sales Company has decreased by $1,700 per month since late 1972 and early 1973. This loss would annualize to approximately $20,000 per year. On cross-examination, it was shown that, in fact, Harlyn Sales operates on a fiscal year basis and that based on tax returns for the period ending September 30, 1973, as compared to the period ending September 30, 1972, the gross receipts for commissions for Harlyn Sales Company were approximately the same. In addition, the com-

pensation to defendant for the fiscal year ending September 30, 1973, was $1,100 more than that in the fiscal year ending September 30, 1972.

Defendant then testified that Haryln Sales Company recently lost its two prime accounts and has taken on two new accounts, but that the gross income from the new accounts is substantially less than the gross income from the lost accounts, and that, as a result, his net earnings as sole shareholder from Harlyn Sales Company would drop 50 percent as a result of these lost accounts. But, defendant also testified on cross-examination that he drew substantially the same salary as shoe salesman for the fiscal year 1973 as he did for the fiscal year 1972. In sum, the court finds that defendant has failed to show any permanent change of circumstances to warrant a reduction in the outstanding support order. His petition is premature at best.

It is settled law that the burden is upon the party seeking a change in the amount of support to show by competent evidence such change in circumstances as would justify a modification in the original order: Commonwealth ex rel. Brennan v. Brennan, 202 Pa. Superior Ct. 255 (1963). In the instant case, defendant has presented this court with evidence that the company in which he is president and sole shareholder made $1,700 per month less in the winter months of 1974 than the company made in winter months of 1973. He claims that this drop in income will eventually be reflected in the amount defendant pays to himself per week as a shoe salesman. Yet, defendant himself admits that through January of 1974, he drew checks of $391 per week on the company for compensation as a shoe salesman. Surely, this amount represents no drop from the $314 per week he drew when the original support order was entered on June 27,

1973. In addition, defendant has also paid the outstanding support order from company receipts rather than from the salary he pays himself. This he may do, but he may not then complain that because of an anticipated drop in his salary, he deserves a reduction in the support order. Although defendant may have grounds for a reduction in the future, he cannot now ask this court to reduce the outstanding order based upon projected figures for the coming fiscal year and upon projected loss of shareholder's earnings due to his company's business failures.

For these reasons the court dismissed defendant's petition to decrease support order.