## Commonwealth v. Gallagher

*Sidney M. DeAngelis*, of *Bean, DeAngelis, Kaufman & Frishberg*, for plaintiff.

*Martin J. Cunningham, Jr.*, of *Henderson, Wetherill, O'Hey & Horsey*, for defendant.

STEFAN, *J.*, August 12, 1977—In this action for nonsupport instituted by plaintiff, Myra Gallagher, pursuant to the Act of December 6, 1972, P.L. 1482, sec. 1, 18 C.P.S.A. §4322, the defendant, Robert F. Gallagher, has filed a motion to dismiss under Pa. R. Crim. P. 1100.

Support actions instituted under the criminal support laws of this state have consistently been characterized as quasi-criminal summary proceedings: Com. ex rel. Friedman v. Friedman, 223 Pa. Superior Ct. 66, 297 A.2d 158 (1972); Com. ex rel. O'Gara v. O'Gara, 198 Pa. Superior Ct. 405, 181 A.2d 723 (1962); Com. v. McAlaine, 193 Pa. Superior Ct. 27, 163 A.2d 711 (1960); Com. ex rel. Bundy v. Bundy, 159 Pa. Superior Ct. 153, 47 A.2d 537 (1946). These cases were decided under the old act (Act of June 24, 1939, P.L. 872, §733, as amended, 18 P.S. §4733) which was substantially the same as the one now in effect. The language of the acts themselves, both old and new, characterizes the hearing on the cause as a summary proceeding.

In two of the above-cited cases, specific rules of criminal procedure were held not to apply to such support proceedings: right to summation in Friedman; and right to counsel in O'Gara. The most recent case on the subject of the application of the criminal rules of procedure to summary proceedings, and in fact the only case specifically on Rule 1100, although not a support matter, is Commonwealth v. Bush (No. 2), 68 D.&C. 2d 690 (1975). The court therein held that the provisions of Rule 1100 relate to indictable offenses only and not to summary proceedings.

We are in accord with the holding in these cases and can find no reasonable purpose to be served by applying Rule 1100 to a support proceeding, which proceeding, if dismissed under the rule, could simply be reinstituted, thereby creating further delay; delay which Rule 1100 is, in fact, designed to prevent.

## ORDER

And now, August 12, 1977, after argument, defendant's motion to dismiss under Rule 1100 of the Pennsylvania Rules of Criminal Procedure is dismissed.