## Commonwealth v. Schmidt

*Charles F. Mayer,* for petitioner.
*Robert F. Pappano,* contra.

JEROME, *J.,* September 26, 1977—This is a support case where a support order had been entered against the mother. On October 15, 1976, this court entered a temporary order in the amount of $30 per week for the support of three children ages thirteen, ten and five, all of whom were in custody of the father.

Since the date of the entry of the above order, the mother has moved to the State of New Jersey where she has remarried and as a result of her remarriage and her husband's wishes she left the employment which she had. In addition, she alleges that because of an allergy condition she was unable to work. The colloquy indicates that the mother last worked on May 1, 1977, and as of that date she was current in the payments of the support order. She had made no further payments on account of support since that date and there was an amount due in arrearages at the time of the most recent hearing before this court.

That hearing arose as a result of a petition to vacate the aforesaid support order which was filed by her. The hearing was brief and disclosed the facts indicated in the beginning part of this opinion.

Orders of support are not final and may be increased or decreased or revoked when the financial condition of the parties changes: Commonwealth ex rel. Kaplan v. Kaplan, 219 Pa. Superior Ct. 163, 280 A.2d 456 (1971). It is the burden of the party seeking to modify or revoke a support order to show such a chain of circumstances as will justify the change requested: Commonwealth ex rel.

Brennan v. Brennan, 202 Pa. Superior Ct. 255, 195 A.2d 150 (1963).

Two respected principles, one old and one new, meet head on in this case. The old is that the family is the basic unit of society and that domestic felicity should be encouraged. Therefore, when a man and woman marry and the man assumes the financial obligations of providing for that marriage and suggests that his mate stay at home to tend to the normal duties of a homemaker and mother, courts should be reluctant to interfere or impede, particularly as here where the wife's wishes are the same.

The new view arose from Conway v. Dana, 456 Pa. 536, 318 A.2d 324 (1974), where it was held that support, as every other duty encompassed in the role of parenthood, is the equal responsibility of both mother and father and both must be required to discharge the obligation in accordance with their capacity and ability. It was in light of this new view that the court entered its original temporary order of October 15, 1976.

We found at the hearing and we see no reason to change our view now that the wife had no financial capacity and ability because of her remarriage, her husband's requests, her assumption of duties as a homemaker and her inability to work because of these factors and a condition described as an allergy. Moreover, there was no allegation or claim of dependency or need since the father was earning enough to support his children without financial assistance from the mother. We found then that she had met her burden and that since she had remarried and not been employed since May 1, 1977, arrearages which had accumulated from that date forward should be remitted and the temporary order vacated.